## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIS B. BARNES and PATRICIA A.
MOFFETT, ADMINISTRATORS of the
ESTATE of TALIA S. BARNES, Deceased,

CIVIL DIVISION

No.:  13-111 Erie

Plaintiffs,

vs.

CITY OF ERIE POLICE DEPARTMENT,
DON DACUS, JOHN DOES I-V and TASER
INTERNATIONAL, INC.,

Defendants.

### COMPLAINT IN CIVIL ACTION

Plaintiffs Willis B. Barnes and Patricia A. Moffett, Administrators of the Estate of Talia

S. Barnes, by and through their attorneys, Peter D. Friday, Esquire and Michael J. Bruzzese,

Esquire complain and allege as follows:

### JURISDICTION

1. This Court has original jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1343, in that it raises questions of federal law, pursuant to the United

States Constitution and other federal law governing civil rights, particularly 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over the common-law and state-law

claims raised pursuant to 28 U.S.C. § 1367.

### VENUE

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all

defendants reside in and may be found in this District, and the events and omissions giving rise

to the claims herein occurred in this District.

## PARTIES AND BACKGROUND

4.      Plaintiff Willis B. Barnes is an adult individual who resides at 1755 Glendale

Ave., Erie, Pennsylvania 16510 and is a Co-Administrator of the Estate of Talia S. Barnes, as

appointed by the Register of Wills of Erie County by Letters Testamentary dated October 25,

2012.

5.      At all relevant times, plaintiff, Willis B. Barnes, was the father and next of kin of

Talia S. Barnes, deceased.

6.      Plaintiff Patricia A. Moffett is an adult individual who resides at714 Last 10th

Street, Erie, Pennsylvania 16503 and is a Co-Administrator of the Estate of Talia S. Barnes, as

appointed by the Register of Wills of Erie County by Letters Testamentary dated October 25,

2012.

7.      At all relevant times, plaintiff, Patricia A. Moffett, was the mother and next of kin

of Talia S. Barnes, deceased.

8.      At the time of her death, decedent, Talia S. Barnes, was twenty nine (29) years of

age. Her beneficiaries have suffered, and will continue to suffer, damages for loss of services and

support over the time she was expected to live.

9.      As a direct and proximate result of her death, the decedent's beneficiaries have

suffered, and will continue to suffer, damages for the loss of her society over her life expectancy,

including loss of companionship, consortium, care, assistance, attention, protection, advice,

guidance, counsel, instruction, training and education.

10.     Defendant Don Dacus is an adult individual and Inspector of Police of defendant

Erie City Police Department.

2

11.    Defendant City of Erie Police Department is a municipal entity of the Commonwealth of Pennsylvania with a main address of 626 State Street, Erie, Erie County, Pennsylvania 16501.

12.    Defendants, John Does I through V, are individuals whose names are currently unknown despite due diligence. These individuals are police officers for the City of Erie who may be partially responsible for and/or involved in the incident as described herein.

13.    Defendant TASER International, Inc., is a Delaware Corporation with its principal place of business in the state of Arizona, and pursuant thereto, designs, manufactures, fabricates, markets, sells and distributes, Electrical Control Devices (ECDs), including the x-26 and other model ECD's known as "Tasers".

14.    Defendant, TASER International, Inc., manufactured, sold, distributed, fabricated, assembled, inspected, tested, serviced, marketed, warranted and advertised the subject Taser which contained design and/or manufacturing defects, including the model utilized by the City of Erie's Police Department on decedent Talia S. Barnes.

15.    On or about July 1 and/or July 2, 2011, decedent was taken into custody by defendants City of Erie Police Department, the police officers, including but not limited to John Does I, II, III, IV and V.

16.    Immediately prior to the incident, decedent's arrest, she was generally in good health and uninjured.

17.    Immediately following her arrest, decedent was transported to the Erie City Police Department in Erie, Erie County, Pennsylvania.

18.    At no time did decedent demonstrate engage in behavior that would justify the defendants' use of the Taser.

3

19.     At no time did decedent demonstrate behavior that would justify the defendants' use of lethal force.

20.     At approximately 9:45 p.m. on or about July 1 and/or the early morning hours of July 2, 2011, decedent was in custody when defendant police officers intentionally and with malice, forethought and reckless indifference to the rights and safety of decedent, administered electric shocks from the Taser directed at decedent.

21.     Immediately after receiving the electric shock, decedent collapsed, vomited and became unresponsive.

22.     As a result of the defendant police officers' actions, at approximately 9:55 p.m. paramedics transferred decedent to UPMC Hamot Medical Center's intensive care unit.

23.     The decedent remained unresponsive until July 3, 2011, at which time she was pronounced dead.

24.     Erie County coroner's reported the cause of death was "hypoxic ischemic encephalopathy due to combined drug toxicity".

25.     Prior to defendant police officers' deployment of the Taser, defendant police officers suspected, and openly expressed their belief, that decedent was experiencing a possible reaction to drugs and/or other substances, or other conditions that would lead to cardiac and/or neurologic compromise, such that electric shock from the Taser would amount to the application of lethal force against the decedent.

26.     At all relevant times, police officer defendants knew or should have known that decedent was experiencing a possible reaction to drugs and/or other substances, or other conditions that would lead to cardiac and/or neurologic compromise such that electric shock from the Taser would amount to the application of lethal force against the decedent.

4

27.    In spite of their actual and/or constructive knowledge, suspicions and open expressions of concern that the deployment of the Taser could and/or would result in lethal force under the circumstances, defendant police officers repeatedly applied electric shock from the Taser to the decedent.

28.    In spite of their actual and/or constructive knowledge, suspicions and open expressions of concern that deployment of the Taser could and/or would result in lethal force under the circumstances, defendant police officers applied excessive physical force and electric shocks from the Taser, thereby causing decedent's death.

29.    At all relevant times, the individual defendant officers from the City of Erie Police Department acted with deliberate indifference to the safety, security and well-being of the decedent, and were further reckless, willful and wanton in their conduct, including:

    a.    Subjecting decedent to unreasonable use of force;

    b.    Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

    c.    Failing to adequately train, supervise, and control employees in the dangers of repeated or prolonged Taser shocks, including, without limitation, the use of potentially lethal tactics, taking into custody of persons such as the decedent, who are perhaps intoxicated, but not otherwise engaged in criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

    d.    Failing to implement protocols and train officers in the proper way to contain, treat and secure persons such as the decedent who may be in an agitated state because of intoxication;

    e.    Failing to adequately discipline police officers involved in misconduct;

    f.    Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits, and;

g.    Failing to promulgate, distribute and enforce reasonable ECD policies and procedures which not only limit the number and length of ECD applications but limits the use of ECDs to situations where a subject poses an immediate threat to the officer or member of the public.

30.    At all relevant times, all defendant police officers were working in cooperation and were of assistance to one another.

31.    As a direct and proximate result of the defendants' conduct, decedent suffered the following injuries:

a)    Acute renal failure;

b)    Severe hypoxemia;

c)    Acute respiratory distress syndrome;

d)    Cardiac arrest;

e)    Cardiogenic shock;

f)    Anoxic encephalopathy with declaration of brain death;

g)    Aspiration pneumonia;

h)    Leukocytosis;

i)    Lactic acidosis;

j)    Elevated transaminase and shock liver;

k)    Cardiomyopathy;

l)    Severe mitral regurgitation;

m)    Acute kidney injury; and

n)    Death.

32.    As a direct and proximate result of the aforementioned incident, decedent suffered the following damages:

a)    She was deprived of the rights, privileges and immunities secured to her by 42 U.S.C. § 1983 and by the Fourth, Eighth and Fourteenth Amendments to the

United States Constitution, as well as the rights, privileges and immunities provided to decedent by the Pennsylvania Constitution. Such rights, privileges and immunities include the right to be free from unreasonable search and seizure, the right to be free from unreasonable force and/or unwarranted use of force, the right of protection from cruel and unusual punishment and the right to due process of law;

b)   She was caused great pain and suffering resulting in her death;

c)   Extreme pain, suffering and discomfort;

d)   Extreme humiliation and embarrassment;

e)   Extreme emotional anguish; and

f)   She has been and will be forever deprived of her general health, strength and vitality and will never again be able to enjoy the pleasures of life she enjoyed.

## COUNT I
### Plaintiffs v. Defendants Don Dacus and John Does I – V
### *Action Pursuant to 42 U.S.C. § 1983*

33.     All preceding paragraphs of this complaint are incorporated by reference.

34.     At all relevant times, defendants were acting under color of the statutes, ordinances, regulations, customs and usages of defendant Erie City Police and under the authority of their offices as police officers and/or Chiefs of Police.

35.     Defendants deprived decedent of the rights, privileges and immunities secured to her by 42 U.S.C. § 1983 and by the Fourth, Eights and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities provided to decedent by the Pennsylvania Constitution. Such rights, privileges and immunities include the right to be free from unreasonable search and seizure, the right to be free from unreasonable search and seizure, the right to be free from unreasonable force and/or unwarranted use of force, the right of protection from cruel and unusual punishment and the right to due process of law.

7

36.    Decedent's injuries and damages were a direct and proximate result of the defendants' conduct as follows:

a)    By subjecting decedent to electric shock;

b)    By improperly handling the decedent during the course of defendants' interactions with her;

c)    By subjecting decedent to electric shock under circumstances that did not justify that application of force;

d)    By subjecting decedent to electric shock from the Taser when defendants knew or should have known that decedent was demonstrating signs of reaction to unknown substances or from a medical and physical condition that would render electric shock from the Taser lethal;

e)    By subjecting decedent to electric shock from the Taser when decedent already was restrained and in custody;

f)    By subjecting decedent to one or more electric shocks by the Taser;

g)    By using lethal force that was not justified by the decedent's behavior;

h)    By using the Taser in circumstances that did not justify its use;

i)    By failing to request intervention by experienced medical personnel on behalf of the decedent;

j)    By failing to intervene when they knew, or should have known that other defendants were subjecting decedent to electric shock and physical beating;

k)    By deliberately ignoring requests and warnings of other officers not to shock the decedent;

l)    By deliberately ignoring requests of witnesses to end the electric shock and physical force and obtain experienced medical intervention;

m)    By deliberately ignoring the overt manifestations of the physical condition exhibited by the decedent;

n)    By failing properly to observe the condition of decedent while in custody;

o)    By deliberately delaying medical assessment or intervention by experienced medical personnel while the decedent was held in custody;

8

p)   By failing properly to monitor the decedent appropriately under the circumstances;

q)   By failing to provide a safe environment which would prevent decedent from suffering further harm as a result of the beating and electric shock;

r)   By practicing a code of silence that discourages and prevents officers from relating information to authorities concerning the conduct of other officers who have used excessive force on persons under arrest; and

s)   By failing to acquire medical assistance for decedent in a timely manner.

37.     The defendants' application of unwarranted and excessive force and violence upon decedent, while in the custody of the defendants, caused her injuries and death.

38.     Defendants' actions, in depriving decedent of her constitutional rights, were intentional, negligent, recklessly indifferent, willful, wanton, malicious and outrageous.

39.     Plaintiffs also claim reasonable attorneys' fees and costs from defendants as provided in 42 U.S.C. § 1988.

40.     As a direct and proximate result of the previously described outrageous, reckless, negligent, willful, wanton and/or intentional conduct of the defendants, plaintiffs seek punitive damages from the individual officers on behalf of the persons, identified herein.

WHEREFORE, plaintiffs demand judgment against all defendants for compensatory and punitive damages, together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

## COUNT II
### Plaintiffs v. Defendant City of Erie Police Department
*Action Pursuant to 42 U.S.C. § 1983*

41.     All preceding paragraphs of this complaint are incorporated by reference.

42.     Decedent's injuries and damages were a direct and proximate result of the

defendant City of Erie Police Department's conduct as follows:

a)   By failing to properly train individual police officers in safe methods of
     handling arrested persons;

b)   By failing to properly train individual police officers in the use of proper
     restraint, as opposed to the arbitrary use of excessive force;

c)   By failing to properly train individual police officers with respect to arbitrary
     use of excessive force against persons placed under arrest;

d)   By failing to properly train individual police officers with respect to arbitrary
     use of excessive force against persons placed under arrest in retaliation for
     that person's suspect criminal involvement;

e)   By failing to train police officers  in the proper use of the Taser on individuals
     suspected to be experiencing a possible reaction to drugs or other substances;

f)   By failing to train police officers in the proper use of the Taser on subjects
     suspected to be under the influence of drugs or other substances;

g)   By failing to properly train police officers in the use of the Taser;

h)   By failing to properly train police officers not to use the Taser on a subject
     suspected to be under the influence of drugs or other substances;

i)   By failing to properly train police officers not to use the Taser on a subject
     demonstrating signs of excited delirium;

j)   By failing to properly train police officers in the use of the Taser on a subject
     demonstrating a physical or medical condition that may render the use of the
     Taser lethal force;

k)   By failing to train police officers in the proper use of non-lethal force;

l)   By failing to train police officers in the proper use of lethal force;

m)   By failing to properly train police officers with respect to the monitoring of
     persons under the care and custody of the defendant Police Department;

n)   By failing to properly train police officers to intervene when they know or
     should have known that other officers were inflicting excessive force on a
     person under arrest;

o)   By failing to acknowledge that the decedent may have been under the influence of drugs or other substances that may have rendered her more susceptible to severe and permanent injury and/or death;

p)   By failing to properly train police officers to intervene when they knew or should have known that the other officers were subjecting a person to electric shock from the Taser in circumstances that would render that electric shock lethal force;

q)   By failing to properly train police officers to seek medical intervention for persons placed under arrest who are undergoing the infliction of excessive force;

r)   By failing to properly supervise individual police officers so as to prevent the use of excessive force and/or unreasonable force;

s)   By failing to properly punish prior acts of individual officers who have inflicted excessive force on persons under arrest;

t)   By failing to properly train, supervise and punish individual police officers so as to prevent the practice of a code of silence that discourages and prevents officers from relating information to authorities concerning the conduct of other officers who have used excessive force on persons under arrest;

u)   By failing to properly train, supervise and/or discipline police officers to such an extent that the conduct of the individual police officers in this case was inevitable; and

v)   In failing to properly or adequately train and/or supervise police officers to avoid deploying Tasers in the chest, especially in close proximity.

43.   The actions of the defendant police officers resulted from and were taken pursuant to a policy, practice and/or custom of the defendant City of Erie Police Department, which policy, practice and/or custom is implemented by defendant Dacus, other police supervisors, and defendant police officers.

44.   Defendant City of Erie Police Department had approved and condoned the procedures implemented and enforced by defendant Dacus, other police supervisors, and defendant police officers.

45.     Defendants' application of unwarranted and excessive force upon decedent, while in the custody of the defendant City of Erie Police Department, caused her injuries and death.

46.     Plaintiffs also claim reasonable attorneys' fees and costs from defendant City of Erie Police Department as provided for in 42 U.S.C. § 1988.

47.     As a direct and proximate result of the previously described outrageous, reckless, negligent, willful, wanton and/or intentional conduct of defendant City of Erie Police Department, plaintiffs seek punitive damages from the individual officers on behalf of the persons, identified herein.

WHEREFORE, plaintiffs demand judgment against defendant for compensatory and punitive damages, together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

## COUNT III
### Plaintiffs v. Defendants John Does I-V
#### *Battery*

48.     All preceding paragraphs of this complaint are incorporated by reference.

49.     At all relevant times, defendants acted individually and jointly with intent to cause harmful and/or offensive contact with decedent proximately causing considerable pain and death to her.

50.     Defendants' negligent and intentional conduct was outrageous, in reckless indifference to decedents' health, safety, well-being and life.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

12

## COUNT IV
## Plaintiffs v. Defendant City of Erie Police Department
### *Indemnification*

51.     All preceding paragraphs of this complaint are incorporated by reference.

52.     Pursuant to 42 Pa.C.S.A. § 8548, defendant City of Erie Police is the indemnitor

of its employees, the defendant police officers, for the payment of any judgment for damages

resulting from a judicial determination that an act of either or any of individual police officers

were the cause and their actions were within the scope of the duties as police officers.

53.     Plaintiffs are therefore entitled to recover payment from the defendant City of

Erie Police Department for any judgment against the individual defendant police officers.

WHEREFORE, plaintiffs demand judgment against defendant for compensatory and

punitive damages, together with court costs, interest and all other relief permitted by the Court.

## COUNT V
## Plaintiffs v. Defendant Taser International, Inc.
### *Negligence*

54.     All preceding paragraphs of this complaint are incorporated by reference.

55.     Decedent's injuries and damages were caused by defendant's negligence in some

or all of the following particulars:

a)     In failing to properly or adequately design, manufacture, market, sell and distribute the Taser;

b)     In failing to properly or adequately test the Taser before putting it into the stream of commerce;

c)     In failing to properly or adequately inspect the Taser, in order to determine whether it could be used for its intended purpose without causing fatal injuries;

d)     In failing to provide proper or adequate warnings that the Taser could cause cardiac arrest or otherwise inflict fatal injuries;

13

e)   In failing to provide sufficient warning as to the reasonably foreseeable dangers attendant in the use and operation of the Taser;

f)   In causing and allowing decedent's death;

g)   In failing to provide proper and adequate warnings and instructions for the Taser to users and consumers;

h)   In failing to recall the Taser so as to prevent the incident resulting in decedent's severe and fatal injuries;

i)   In failing to adequately or properly describe and illustrate the gravity of using the Taser on an individual;

j)   In failing to provide safe and adequate usage instructions and equipment;

k)   In violating state, federal and international laws, statutes, rules, regulations and industry customs and standards with respect to the design, manufacture, sale, marketing, distribution and operation of the Taser;

l)   In failing to give sufficient instructions so that the ultimate purchaser or user would have sufficient information, preparation and training in the safe and proper use and application of the Taser;

m)   In failing to exercise reasonable care, under the circumstances, in view of the foreseeable dangers and foreseeable accidents and injuries that could occur as a result of using or applying the Taser; and

m)   In failing to recall the Taser from the marketplace.

56.   At all relevant times, defendant knew or should have known that the Taser was extremely dangerous, hazardous and defective and knowingly, wantonly, willfully, recklessly, intentionally and outrageously failed to recall or otherwise remove the product from the market.

WHEREFORE, plaintiffs demand judgment for compensatory and punitive damages against defendant, together with court costs, interest and all other relief permitted by this Court.

## COUNT VI
### Plaintiffs v. Defendant Taser International, Inc.
#### *Strict Liability*

57.     All preceding paragraphs of this complaint are incorporated by reference.

58.     At all relevant times, defendant was engaged in the business and profession of designing, manufacturing, selling, distributing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting and advertising Tasers which defendant knew or should have known would be used without inspection for defects or dangers in their parts, mechanisms and/or design.

59.     At all relevant times, the at issue Taser was unreasonably dangerous and defective for use on human beings because, among other reasons, it was sold without warnings as to the effect of direct shocks to the chest, prolonged shocks, the danger of shocking people who are under the influence of alcohol and/or drugs, and the effects of Taser shocks on cardiovascular, cardiopulmonary and neurologic systems such that the weapon causes unnecessary injuries and deaths.

60.     At all relevant times, defendant sold its Tasers to local law enforcement agencies without adequate warning of or training in its potential for causing cardiovascular, cardiopulmonary and neurologic arrest resulting in death and great bodily injury, especially when shocks are administered directly to the chest and torso in close proximity to the heart and vital organs.

61.     Contrary to defendant's representations, the Taser was in a defective, hazardous, unsafe and dangerous condition, unfit for intended use and unreasonably dangerous to decedent and other users within the meaning of Section 402A of the Restatement of Torts (Second), at the time it left the control of defendants.

## COUNT VII
### Plaintiffs v. Defendant Taser International, Inc.
#### *Breach of Warranty*

62.     All preceding paragraphs of this complaint are incorporated by reference.

63.     At the time defendant designed, manufactured, marketed, packaged and sold the Taser it made express and implied warranties to purchasers and intended users, including the decedent, that the Taser was reasonably safe, merchantable and fit for the particular purpose for which it was purchased and used.

64.     Defendant breached its express and implied warranties when it designed, manufactured, marketed, packaged and sold the Taser.

65.     As a direct and proximate result of defendant's breach of the express and implied warranties, plaintiffs suffered the injuries and damages set forth in the preceding paragraphs.

WHEREFORE, plaintiffs demand judgment against defendant, together with court costs, interest and all other relief permitted by this Court.

## COUNT VIII
### Plaintiffs v. Defendant Taser International, Inc.
#### *Wrongful Death*

66.     All preceding paragraphs of this complaint are incorporated by reference.

67.     Decedent has left the following individuals to recover for her death under 42 Pa. C.S.A. § 8301:

Chikuyo Bayette, minor of 17 years of age, who resides at 23B Lawn Street, Pine Grove, Chatanooga, Tennessee 37485

Shakia Nolen, minor of 13 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Ialiah Barnes, minor of 12 years of age, who resides at 827 East 29th Street, Erie, Pennsylvania 16503

Shikheem Barnes, minor of 10 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Shani Barnes, minor of 9 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Imani Barnes, minor of 8 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Mahari Bayette, minor of 3 years of age, who resides at 23B Lawn Street, Chatanooga, Tennessee 37485

Rayjere Simmons, minor of 1 year of age, who resides at 2406 Pennsylvania Ave., Erie, Pennsylvania 16503

68. During her lifetime, decedent did not commence any action for the injuries that caused her death and no other action has been filed to recover damages for the wrongful death of decedent.

69. At all relevant times, defendant conducted itself in a careless, reckless and negligent manner and acted intentionally, with malice, forethought and with reckless indifference to the rights of decedent generally and as set for above.

70. As a direct and proximate result of defendant's conduct, plaintiffs and entitled persons have suffered the following damages:

a) Medical expenses for services and supplies incidental to the treatment and subsequent death of Talia S. Barnes;

b) Funeral and estate expenses necessitated by Talia S. Barnes's death;

c) Loss and denial of support, income, services, assistance, guidance, counseling and companionship of Talia S. Barnes;

d) Loss of society and comfort, friendship, guidance, love and affection;

e) Loss of Talia S. Barnes's services as a parent and mother;

f) Expenses incurred in the administration of Talia S. Barnes's Estate; and

g)    Other losses and damages recoverable under 42 Pa. C.S.A. § 8301.

71.    Defendant's negligent and intentional conduct was outrageous, in reckless indifference to decedents' health, safety, well-being and life.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages, together with court costs, interest and all other relief permitted by the Court.

## COUNT IX
### Plaintiffs v. Defendant Taser International, Inc.
### *Survival*

72.    All preceding paragraphs of this complaint are incorporated by reference.

73.    Plaintiffs bring this action on behalf of the Estate of Talia S. Barnes, deceased, under and by virtue of 20 PA.C.S.A. § 3373 and 42 PA.C.S.A. § 8302.

74.    As a direct and proximate result of the above described conduct of defendants, plaintiffs seek to recover for the injuries and damages suffered by decedent.

75.    Defendants' negligent and intentional conduct was outrageous, in reckless indifference to decedents' health, safety, well-being and life.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory damages and in addition seeks punitive damages from the individual officers together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

## COUNT X
### Plaintiffs v. Defendants City of Erie Police Department, Don Dacus and John Does I - V
### *Wrongful Death*

76.    All preceding paragraphs of this complaint are incorporated by reference.

77.    Decedent has left the following individuals to recover for her death under 42 Pa. C.S.A. § 8301:

18

Chikuyo Bayette, minor of 17 years of age, who resides at 23B Lawn Street, Pine Grove, Chatanooga, Tennessee 37485

Shakia Nolen, minor of 13 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Ialiah Barnes, minor of 12 years of age, who resides at 827 East 29th Street, Erie, Pennsylvania 16503

Shikheem Barnes, minor of 10 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Shani Barnes, minor of 9 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Imani Barnes, minor of 8 years of age, who resides at 2408 Pennsylvania Avenue, Erie, Pennsylvania 16503

Mahari Bayette, minor of 3 years of age, who resides at 23B Lawn Street, Chatanooga, Tennessee 37485

Rayjere Simmons, minor of 1 year of age, who resides at 2406 Pennsylvania Ave., Erie, Pennsylvania 16503

78.     During her lifetime, decedent did not commence any action for the injuries that caused her death and no other action has been filed to recover damages for the wrongful death of decedent.

79.     At all relevant times, defendants conducted themselves in a careless, reckless and negligent manner and acted intentionally, with malice, forethought and with reckless indifference to the rights of decedent generally and as set for above.

80.     As a direct and proximate result of defendants' conduct, plaintiffs and entitled persons have suffered the following damages:

> (a) Medical expenses for services and supplies incidental to the treatment and subsequent death;

> (b) Funeral and estate expenses necessitated by Talia S. Barnes's death;

19

(c) Loss and denial of support, income, services, assistance, guidance, counseling and companionship of Talia S. Barnes;

(d) Loss of society and comfort, friendship, guidance, love and affection;

(e) Loss of Talia S. Barnes's services as a parent and mother;

(f) Expenses incurred in the administration of Talia S. Barnes's Estate; and

(g) Other losses and damages recoverable under 42 Pa. C.S.A. § 8301.

81.     Defendants' negligent and intentional conduct was outrageous, in reckless indifference to decedents' health, safety, well-being and life.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

## COUNT XI
### Plaintiffs v. Defendants City of Erie Police Department, Don Dacus and John Does I - V
*Survival*

82.     All preceding paragraphs of this complaint are incorporated by reference.

83.     Plaintiffs bring this action on behalf of the Estate of Talia S. Barnes, deceased, under and by virtue of 20 PA.C.S.A. § 3373 and 42 PA.C.S.A. § 8302.

84.     As a direct and proximate result of the above described conduct of defendants, plaintiffs seek to recover for the injuries and damages suffered by decedent.

85.     Defendants' negligent and intentional conduct was outrageous, in reckless indifference to decedents' health, safety, well-being and life.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory damages and in addition seeks punitive damages from the individual officers together with court costs, attorneys' fees, interest and all other relief permitted by the Court.

20

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

Respectfully Submitted,

_____
Peter D.Friday, Esquire
Pa I.D. # 48746

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA15216

_____
Michael J. Bruzzese
Pa I.D. # 63306

Johnson, Bruzzese & Temple
1720 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Attorneys for Plaintiffs

21